**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDUARD ARAMOVICH VARDANYAN,<br><br>              Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>              Respondents. | Case No. 5:26-cv-00423-MRA-RAO<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

This habeas action was brought by *pro se* Petitioner Eduard Aramovich Vardanyan, a noncitizen who was released by the Department of Homeland Security ("DHS") on his own recognizance in 1996, then re-detained by DHS on December 19, 2025. On February 4, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") against Respondents Kristi Noem, Secretary of DHS; Pamela Bondi, United States Attorney General; Thomas Giles, Los Angeles Field Office Director for the Bureau of Immigration and Customs Enforcement ("ICE"); and Warden, Facility Administrator for Geo Group Inc. at the Adelanto Detention Facility (collectively, "Respondents" or the "government") and ordered his immediate release. ECF 9. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Motion for a Temporary Restraining Order. ECF 9. The TRO

required: 1) Petitioner's immediate release from custody, 2) the reinstatement of his prior order of supervision, 3) the enjoinment from re-detaining Petitioner "without notice and opportunity to be heard consistent with the Due Process Clause and immigration laws and regulations," 4) the filing of reliable proof that prisoner had been released, and 5) showing cause as to why Petitioner's habeas petition and/or Motion for Preliminary Injunction should not be immediately granted given the government's non-opposition to the [underlying] TRO." *Id.* at 6. Respondents filed their response to the Court's Order on February 6, 2026. ECF 11. Respondents contend that Petitioner's request for a preliminary injunction was mooted by the issuance of the TRO and his release from custody on February 5, 2025. *Id.* at 2-3. Petitioner did not file a reply.

## II. DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). The Court agrees with Petitioner that his habeas petition and request for preliminary injunctive relief are not moot. A case becomes moot—and therefore no longer a 'case' or 'controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 120 S. Ct. 693, 700 (2000). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This requires the "defendant [to] demonstrate that 'there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 73 S. Ct. 894, 897 (1953). This is a heavy burden. *Id.*

Here, the government filed a Notice of Non-Opposition to the TRO Application. ECF 8. The Non-Opposition stated in its entirety: "On January 30, 2026, Petitioner filed an *ex parte* application for a temporary restraining order (the "Application") seeking an order requiring Respondents to release him from immigration detention. At this time, Respondents do not have an opposition argument that they are able to present." *Id.* at 2 (internal citations omitted). As explained in the Court's TRO, "[d]espite effectively conceding that Petitioner ha[d] been unlawfully detained, Respondents ma[d]e no effort to release him. Given its prerogative, the government would [have] continue[d] to deprive Petitioner of his most fundamental liberty interest, keeping him unlawfully detained until this Court order[ed] his release." ECF 9 at 5. As a result, Respondents have failed to carry the heavy burden of demonstrating that there is no reasonable expectation that the wrong—*i.e.*, the unlawful re-detention of Petitioner without due process—will be repeated. Absent preliminary injunctive relief, Petitioner faces the prospect of re-detention without a pre-detention hearing during the pendency of this federal case, which may take months to resolve. A habeas petition is not moot where preliminary relief is not made permanent. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention").

## III. CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**. For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change in circumstances requiring his re-detention and a timely hearing. At any such hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a risk of flight or danger to the community; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: February 11, 2026

_____
HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE