IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EDUARD ARAMOVICH VARDANYAN,

                Petitioner,

    v.

KRISTI NOEM, et al.,

                Respondents.

Case No. 5:26-cv-00423-MRA-RAO

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    <u>BACKGROUND AND SUMMARY</u>

On January 30, 2026, Petitioner Eduard Aramovich Vardanyan ("Petitioner"), then in the custody of Immigration and Customs Enforcement ("ICE") and proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). The same date, Petitioner filed a Motion for Preliminary Injunction and a Temporary Restraining Order ("TRO Motion"). Dkt. No. 2. In the TRO Motion, Petitioner argued that Respondents Thomas Giles, Kristi Noem, Pamela Bondi, and Warden, Facility Administrator, Geo Group Inc (collectively "Respondents") did not provide Petitioner with the appropriate process in revoking Petitioner's order of supervised release and requested that he be released. *See generally id.*; Pet.

On February 4, 2026, the Court granted Petitioner's TRO Motion and ordered Respondents to release Petitioner from custody on or before 4:00 p.m. on February 5, 2026. Dkt. No. 9. The Court's Order further required Respondents to show cause on or before February 6, 2026, as to why a preliminary injunction should not issue. *Id.*

On February 5, 2026, Respondents filed a Status Report in response to the Court's Order, indicating that Petitioner was released from custody on February 5, 2026, and placed back on an Order of Supervision in compliance with the Court's Order. Dkt. No. 10. The Status Report included an exhibit confirming the Petitioner's release and placing him under an Order of Supervision. Dkt. No. 10-1.

On February 11, 2026, the Court converted the Temporary Restraining Order into a Preliminary Injunction. Dkt. No. 12.

On February 11, 2026, the Court issued an Order requiring Respondents to file a response to the Petition. Dkt. No. 13.

On February 27, 2026, the Court issued an order directing Petitioner to update his current address because Petitioner's mail had been returned. Dkt. No. 17; *see* Dkt. Nos. 15–16. The Court reminded Petitioner that he must keep the Court and all parties informed of his current address pursuant to the Local Rules and that failure to do so may result in dismissal of this action. Dkt. No. 17.; *see* L.R. 41-6. On March 4, 2026, Respondents filed an Answer to the Petition. Dkt. No. 25.

Petitioner has failed to notify the Court of his current address or otherwise communicate with the Court in response to the February 27, 2026 Order.

For the following reasons, the Court DISMISSES the Petition without prejudice.

///

///

///

///

2

## II.    DISCUSSION

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times.  Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and e-mail address.  If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

In the instant case, court mail addressed to Petitioner has been returned undelivered. The Court ordered Petitioner to update his current address within 14 days of its order, but he has failed to do so.

Federal Rule of Civil Procedure 41 ("Rule 41") governs the dismissal of federal actions.  Rule 41(b) grants district courts authority to dismiss actions for failure to comply with court orders or for failure to prosecute.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).  District courts may exercise their inherent power to control their dockets by imposing sanctions, including, where appropriate, the dismissal of a case.  *Ferdik*, 963 F.2d at 1260.

A court must weigh five factors when determining whether to dismiss an action for failure to prosecute or failure to comply with court orders:

> (1) the public's interest in expeditious resolution of litigation;
>
> (2) the court's need to manage its docket;
>
> (3) the risk of prejudice to defendants;
>
> (4) the availability of less drastic alternatives; and

3

(5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate where at least four factors support dismissal, or where three factors "strongly support" dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990).

The Court finds that the first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—strongly favor dismissal. The Court cannot suspend this case indefinitely based on Petitioner's failure to inform the Court of his current address. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.*; *see Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not"). Petitioner has failed to respond to the Court's order stating that Petitioner must keep the Court and all parties informed of his current address pursuant to the Local Rules. Dkt. No. 17; *see* L.R. 41-6. Petitioner's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990. Petitioner's inaction interferes with the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. In sum, these two factors weigh strongly in favor of dismissal.

The third factor, risk of prejudice to the Respondents, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor (the availability of less drastic alternatives) also weighs in

4

favor of dismissal. Given the Court's inability to communicate with Petitioner based on his failure to keep the Court apprised of his current address, no lesser sanction is viable. *See Musallam v. United States Immigration Service*, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006). The Court deems it imprudent to wait any longer for Petitioner resume prosecuting this matter with the requisite amount of diligence. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (a district court "need not exhaust every sanction short of dismissal before . . . dismissing a case").

Regarding the fifth factor, public policy generally favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643. However, it is the responsibility of the moving party to move the case toward a timely disposition on the merits. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). It does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four factors favor dismissal and one factor is neutral. Accordingly, dismissal of this action without prejudice is appropriate.

## III.    CONCLUSION

For the foregoing reasons, this action is **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED: May 04, 2026

MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE

5